# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JKAYC, LLC, | Civil Action No. 1:20-cv-943 (PKC) (SMG) |
| Plaintiff, | **CONFIDENTIALITY ORDER** |
| v. | |
| NOAH BANK, | |
| Defendant. | |

**IT IS HEREBY ORDERED** that the following provisions shall govern claims of confidentiality in these proceedings:

1. Any party to this action and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third-parties. Any party to this litigation or any third-party covered by this Order, who produces or discloses any confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: **"CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER"** (hereinafter "Confidential").

2. All confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purposes, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein

are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of confidential material, provided that such advice and opinions shall not reveal the content of such confidential material except by prior written agreement of counsel for the parties, or by the Order of the Court.

3. Confidential material and the contents of confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A"

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court or court personnel;

   e. The Mediator;

   f. Any deponent may be shown or examined on any information, document or thing designated confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

   g. Vendors retained by or for the parties to assist in preparing for discovery and/or hearings including, but not limited to, court reporters, litigation support personnel,

individuals to prepare demonstrative and audiovisual aids for use at trial or in depositions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    h.   The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

4.     Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such discovery.

5.     With respect to any depositions that involve a disclosure of confidential material of a party to this action, such party shall have until ten (10) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d) and (f) above and the deponent during these ten (10) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d) and (f) above during said ten (10) days. Upon being informed that certain portions of a deposition are to be designated as confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third-party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. If the need arises during discovery or at trial for any Party to disclose Confidential information, it may do so only after giving written notice to the producing Party and as directed by the Court. The Party desiring to disclose information covered by this Order to any other individual must identify the intended recipient to the producing Party. If the producing party objects to such disclosure or such identified person, it must notice the disclosing Party in writing within five (5) business days of receipt of such written identification. The Parties shall thereafter

confer and in good faith attempt to resolve any such objection. If the dispute cannot be resolved, the Party desiring to disclose Information covered by this Order shall bear the burden of applying to the Court for leave to make the disclosure to the non-authorized individual, with notice to the producing Party, with the producing Party bearing the burden of persuasion. In such event, no Information shall be disclosed in whole or in part to the non-authorized individual until the Court adjudicates and grants the request for leave to make the disclosure. In the event disclosure is authorized or approved to said identified individual, then each such individual shall first be given a copy of this Order and be required to read it, be bound by its terms, and execute Exhibit A. All signed attestations shall be maintained by the Party disclosing the information and shall be available to the other Party in the event there is a good faith belief that there may have been a violation of this Order.

8. The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in civil cases, located at:

https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

9. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to specific information, the document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated confidential within a reasonable time after disclosure. Such notice

shall constitute a designation of the information, document or thing as confidential under this Confidentiality Order.

10. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be confidential material under this Confidentiality Order.

11. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

12. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of the Court or by the written stipulation of the parties filed with the Court.

13. This Discovery Confidentiality Order shall be retroactive to the beginning of the discovery period in the above captioned matter.

14. This Confidentiality Order may be signed by fax or PDF signature and may be signed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one agreement.

**CONSENTED TO**:

/s Robert J. Basil
Robert J. Basil, Esq.
**The Basil Law Group, P.C.**
32 East 31st Street, 9th floor
New York, NY 10016
*Attorneys for Plaintiff*
*JKAYC, LLC*

/s Kelly A. Zampino
Mark A. Berman, Esq.
Kelly A. Zampino, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
800 Third Avenue, 28th Fl.
New York, NY 10022
*Attorneys for Defendant*
*Noah Bank*

                       **SO ORDERED.**

_____
Steven M. Gold
United States Magistrate Judge

Dated: June 22, 2020

**EXHIBIT A**

| | |
|---|---|
| JKAYC, LLC, | Civil Action No. 1:20-cv-943 (PKC) (SMG) |
| Plaintiff, | **AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |
| v. | |
| NOAH BANK, | |
| Defendant. | |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Confidentiality Order in this case, and I will comply with all provisions of the Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any confidential material or any words, summaries, abstracts, or indices of confidential information disclosed to me.

6. I will limit use of the confidential material disclosed to me solely for purpose of this litigation.

7. No later than the final conclusion of the trial, I will return all confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or

things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

8.  I hereby consent to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality Order in this action.

I declare under penalty that the foregoing is true and correct.


Dated:                                          _____
                                                                (Name)