# THE BASIL LAW GROUP
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

32 EAST 31ST STREET, 9TH FLOOR
NEW YORK, NY 10016
TELEPHONE:917-994-9973
E-FAX:831-536-1075
ROBERTJBASIL@RJBASIL.COM

SEPTEMBER 26, 2020

Hon. Steven M. Gold

 Re: JKAYC v Noah Bank
   Civ. No. 1:20-cv-943-PKC-SMG

Dear Judge Gold:

As the Court is aware, this counsel and firm represents JKAYC, the Plaintiff in this action. This letter seeks to have this Court dismiss the pending motion to disqualify me and this firm as counsel for the Plaintiff. In the alternative, a pre-motion hearing is requested.

Noah Bank has failed to comply with the applicable requirements for filing this motion.

> Premotion Conference: Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute.

Local Rule 37(a). As demonstrated by the Zampino Declaration, such a premotion conference never occurred. On the morning of the date this motion was subsequently filed, I requested that Ms. Zampino supply some information within ten days regarding the basis for this motion. That request was refused and a demand for an immediate telephone call was made. That request was Ms. Zampino's sole effort at a premotion conference.

When I explained my lack of availability for the call due to a pre-trial conference in which I was participating that morning, Ms. Zampino declared that the Local Rule 37(a) had been satisfied and that this disqualification motion, which had already been prepared (as demonstrated by date on Declaration of Glenn James), would be promptly filed. She was true to her word, as the motion was filed before the end of the day. This is not a "good faith" attempt to confer as required by Local Rule 37(a).

The tactical nature of this motion may be gleaned, in part, from its contents. None of the information in materials submitted by Noah Bank's counsel was unknown to Noah Bank at the inception of this litigation, which commenced on Nov 20, 2019, in Supreme Court

of New York, Queens County, with one exception. During discovery, I voluntarily produced an email demonstrating that I had drafted a one paragraph rider to the subject lease in question in an "emergency" situation as a favor for Noah Bank's leasing counsel. That rider is not claimed to be relevant to this litigation, because it is not. *Cf. Medical Capital Corporation v. MRI Global Imaging, Inc.* 27 A.D.3d 427 (2nd Dept 2006) (requiring proofs from moving party that the matters at issue were "substantially related").

I carefully reviewed this litigation before agreeing to represent JKAYC and determined that there was no conflict. That determination was confirmed by Noah Bank's conduct in this litigation. Ten months elapsed without Noah Bank taking any action to disqualify me or my firm. During that period, Noah Bank picked-and-chose some matters in which I was counsel as purportedly presenting a conflict, and those which were not. This litigation was not among the selected.

Disqualifying a party's counsel is a "drastic measure." *See, e.g., A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F.Supp.2d 657, 662–63 (S.D.N.Y.2001). Motions to disqualify counsel are viewed with disfavor and subjected to a high standard of proof, in large part because they can be used as a litigation tactic. *See Evans v. Artek Systems Corp.*, 715 F.2d 788, 791–92 (2d Cir.1983) (noting "high standard of proof" for disqualification motions because they are "often interposed for tactical reasons"). This is such a case.

This litigation concerns only the conduct of Noah Bank after the JKAYC lease was signed. I was never informed of such conduct, or lack thereof, until this I was asked to consider representing JKAYC. I possess no information related to the facts at issue in this case except for those acquired during this litigation.

No employee, officer, or attorney of Noah Bank has submitted anything to this Court claiming to have disclosed any confidential information to me of significance to this case. While Mr. James provides a declaration with a false statement in it that "TBLG always held out Mr. Kim as a member of its firm," even Mr. James does not claim I possess confidential information of significance to this case. *Cf. Solow v W.R. Grace & Company,* 83 N.Y.2d 303, 313 (1996) ("to apply the remedy of disqualification when there is no realistic chance that confidences were disclosed would go far beyond the purposes of a strict disqualification rule"). Mr. Kim and I have always maintained separate practices.

Should the application to disqualify go forward either before or after a compliant "meet

# THE BASIL LAW GROUP, P.C.

JKAYC v Noah Bank
September 26, 2020
Page 3

and confer" process is undertaken, I will be seeking an evidentiary hearing on the matter of disqualification. The prejudice to JKAYC of this belated motion is patent and would be demonstrated by the testimony at the requested hearing. "Disqualification of an attorney imposes a substantial transaction cost on a party. The affected party incurs the costs associated with finding a new attorney who must then become familiar with the matter." *Reilly v. Computer Associates Long-Term Disability Plan*, 423 F.Supp.2d 5, 7 (E.D.N.Y. 2006) (citing *Gov't of India v. Cook Indus.*, 569 F.2d 737, 739 (2d Cir.1978)).

In addition, this Court should make its decisions based upon a full understanding of the relationship among Noah Bank, The Basil Law Group, and current counsel for Noah Bank. As briefly described in the Zampino Declaration, this firm was once counsel to Noah Bank and now is in an adversarial position with Ms. Zampino's firm and Noah Bank in multiple matters, including a matter in which The Basil Law Group is suing Noah Bank for several hundred thousand dollars in fees. Such adversarial positions have not always been amicable.

The existence of these other adversarial matters is relevant to this application, and I believe will demonstrate to the Court a pattern of questionable practices designed to force JKAYC into an unfavorable settlement. I also consider this disqualification application to be a part of a multi-pronged attack on me, my firm, and my clients stretching back to the circumstances surrounding Mr. Shin's arrest and my decisions regarding my ethical duties that displeased Noah Bank. This is, in short, I contend that this application is an impermissible tactical ploy, not a legitimate claim of "taint." Cf. *Universal City Studios, Inc. v. Reimerdes*, 98 F.Supp.2d 449 (S.D.N.Y. 2000) (warning against tactical use of disqualification motions).

Even if the Court is not inclined to dismiss this motion for lack of compliance with Local Rule 37(a), I believe a pre-motion hearing is appropriate and, on behalf of JKAYC, such a hearing is requested.

        Respectfully submitted,

        /s Robert J. Basil

        Robert J. Basil