UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JKAYC, LLC,

          Plaintiff,

    v.

NOAH BANK,

          Defendant.

Civ. No. 1:20-cv-943-PKC-SMG

DECLARATION OF EDWARD SHIN IN OPPOSITION TO MOTION TO DISQUALIFY

EDWARD SHIN, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the former President and CEO of Noah Bank.

2. I submit this Declaration based upon my personal knowledge and in opposition to the motion submitted by Noah Bank directed toward disqualifying The Basil Law Group, P.C. ("TBLG") and Robert J. Basil ("Basil") as counsel for JKAYC in this matter.

3. My services to Noah Bank ceased on May 29, 2019, when I was arrested and charged with various crimes in a criminal action now pending in the United States District Court for the Southern District of New Jersey.

4. After May 29, 2019, I received no information from Noah Bank regarding the JKAYC lease situation.

5. I was personally involved in the acquisition of this leasing opportunity for Noah Bank.

6. I delegated the JKAYC lease negotiations to other bank officers, although I took a personal interest throughout the negotiations and interjected myself from time-to-time in the process as I saw fit.

7. Noah Bank's counsel in this leasing matter was Jerry J. Kim. Neither Mr. Basil nor TBLG was retained as leasing counsel, nor did I consult with Mr. Basil or TBLG regarding lease negotiations of the contents of the JKAYC lease.

8. I understand that the primary issue in this litigation is the effort Noah Bank undertook, or failed to undertake, regarding the requirement under the JKAYC lease that regulatory approval must be obtained.

9. Noah Bank's obligation to obtain this regulatory approval was a matter that I delegated to Noah Bank officers. I did not do anything in that regard, and I doubt that I was kept current on such efforts during my tenure at Noah Bank.

10. I have conveyed no confidential information to either Jerry J. Kim or TBLG regarding Noah Bank's efforts to obtain regulatory approvals as I have no reliable knowledge of what was done, except as I was able to acquire later from the public record.

11. In connection with this litigation, I have conferred with TBLG regarding my knowledge of the matters at issue but have not provided any confidential information to TBLG related to the JKAYC lease or the subsequent efforts to obtain regulatory approval.

12. I worked with Jerry J. Kim and TBLG for several years. They are separate firms, were treated as separate firms by Noah Bank, never represented to Noah Bank that they were the same firm, and never claimed that either were members of the other.

13. Noah Bank required all closing attorneys, such as Mr. Kim, to have his own malpractice policy to protect the bank against errors or omissions at closing. Mr. Kim's policy was separate

from Mr. Basil's malpractice policy, which I understood would not be the case if Mr. Basil were a member of Jerry Kim's firm.

13. I reviewed the Declaration of Glenn James, general counsel of Noah Bank, swearing that: "TBLG always held out Mr. Kim as a member of its firm." This statement is false, and I find it hard to believe that Mr. James, whom I appointed as general counsel and with whom I interacted with Jerry J. Kim and TBLG on many occasions, made this statement in good faith.

14. Shortly after Mr. James was hired, I took him to lunch to meet Jerry Kim and Mr. Basil. I introduced each of them to Mr. James and informed him that they were separate firms, and that Mr. Kim was Noah Bank's closing attorney and Mr. Basil was a litigation attorney operating under his own firm.

15. I declare under oath pursuant to 28 U.S.C. § 1746 that statements made by me in this Declaration are truthful.

By: _____
Edward Shin

Date: October 22, 2020