UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JKAYC, LLC

              Plaintiff,

  v.

NOAH BANK,

              Defendant.

Civil No. 1:20-cv-943 (PKC)(SMG)

### DEFENDANT NOAH BANK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE MAGISTRATE JUDGE'S ORDER DISQUALIFYING PLAINTIFF'S COUNSEL

Mark A. Berman, Esq.
Kelly A. Zampino, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
800 Third Avenue, 28th Floor
New York, New York 10022
(212) 344-4619
mberman@hdrbb.com
kzampino@hdrbb.com

*Attorneys for Defendant Noah Bank*

Dated: January 28, 2021

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

RELEVANT BACKGROUND .............................................................................................. 1

    PLAINTIFF HAS FAILED TO ESTABLISH THAT THE MAGISTRATE JUDGE'S
    ORDER WAS CLEARLY ERRONEOUS OR CONTRARY TO LAW. ............................... 4

# TABLE OF AUTHORITIES

## CASES

*Ab v. Kamyr, Inc.*,
 No. 91-CV-0453, 1991 WL 246465 (N.D.N.Y. Nov.20, 1991) ................................................. 4

*Arifi v. de Transport du Cocher, Inc.*,
 290 F. Supp.2d 344 (E.D.N.Y.2003) ......................................................................................... 6

*Blue Planet Software, Inc. v. Games Int'l, LLC*,
 331 F. Supp. 2d 273 (S.D.N.Y. 2004) ....................................................................................... 7

*British Airways, PLC v. Port Auth. of New York & New Jersey*,
 862 F. Supp. 889 (E.D.N.Y. 1994) ............................................................................................ 9

*Cheng v. GAF Corp.*,
 631 F.2d 1052 (2d Cir.1980) ..................................................................................................... 5

*Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co.*,
 2007 WL 2593000 (S.D.N.Y. Sept. 7, 2007) ............................................................................. 6

*Emle Indus., Inc. v. Patentex, Inc.*,
 478 F.2d 562 (2d Cir. 1973) ................................................................................................. 6, 8

*Gov't of India v. Cook Indus., Inc.*,
 569 F.2d 737 (2d Cir. 1978) ................................................................................................. 6, 9

*Hempstead Video, Inc. v. Inc. Village of Valley Stream*,
 409 F.3d 127 (2d Cir. 2005) ...................................................................................................... 6

*Hull v. Celanease Corp.*,
 513 F.2d 568 (2d Cir. 1975) ...................................................................................................... 5

*Pastor v. Trans World Airlines, Inc.*,
 951 F. Supp. 27 (E.D.N.Y. 1996) .............................................................................................. 5

*Red Ball Interior Demolition Corp. v. Palmadessa*,
 908 F. Supp. 1226 (S.D.N.Y. 1995) .......................................................................................... 5

*Shabbir v. Pak. Int'l Airlines*,
 443 F. Supp. 2d 299 (E.D.N.Y. 2005) ....................................................................................... 5

*T.C. Theatre Corp. v. Warner Bros. Pictures*,
 113 F. Supp. 265 (S.D.N.Y. 1953) ............................................................................................ 6

*UCAR Int'l, Inc. v. Union Carbide Corp.*,
 No. 00 CIV. 13382002, 2002 WL 31519616 (S.D.N.Y. Nov. 8, 2002) ..................................... 6

*United States v. United States Gypsum Co.*,
    333 U.S. 364 (1948) ..........................................................................................................4

*Universal City Studios, Inc. v. Reimerdes*,
    98 F. Supp. 2d 449 (S.D.N.Y. 2000) ................................................................................5

*USFL v. NFL*,
    605 F. Supp. 1448 (S.D.N.Y. 1985) ................................................................................10

*Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc.*,
    174 F.R.D. 301 (S.D.N.Y.1997)........................................................................................4

## **STATUTES**

28 U.S.C. § 636 ...............................................................................................................................4

## **RULES & REGULATIONS**

Fed. R. Civ. P. 72 ...........................................................................................................................4

N.Y. RPC 1.10.................................................................................................................................5

N.Y. RPC 1.6.............................................................................................................................7, 10

N.Y. RPC 1.7...................................................................................................................................5

N.Y. RPC 1.8...................................................................................................................................5

N.Y. RPC 1.9...................................................................................................................................5

## PRELIMINARY STATEMENT

Plaintiff JKAYC, LLC ("JKAYC") has filed objections to the January 4, 2021 Order of the Hon. Steven M. Gold, U.S.M.J, disqualifying its attorneys, The Basil Law Group and Robert J. Basil, Esq. (collectively, "TBLG") – who were Defendant Noah Bank's prior attorneys, including with respect to the lease at issue in this litigation – from representing Plaintiff in this matter. Plaintiff argues that the Magistrate Judge's Order was "clearly erroneous" and "contrary to law" even though the underlying material facts are not disputed and Plaintiff does not identify any legal standard that the Magistrate Judge's Order has contravened. Therefore, as discussed below, the Magistrate Judge's conclusion that TBLG's continued representation of JKAYC, LLC would violate New York Rules of Professional Conduct and prejudice Noah Bank was well founded. Accordingly, Plaintiff's objections should be rejected.

## RELEVANT BACKGROUND

The following material facts are undisputed by Plaintiff:[1]

Noah Bank was a long-time client of both TBLG and Jerry J. Kim, Esq., in a number of matters. *See* Pl. Br. at 2.

Noah Bank entered into a lease agreement with JKAYC, dated October 19, 2018, for the first floor of a building to be constructed on the land known as 201-08 Northern Boulevard, Bayside, NY 11361 (the "Lease"). See Pl. Br. at 1; see also James Decl. ¶ 2.

---

[1] They also were supported by the declarations submitted by Defendant Noah Bank in support of its motion to disqualify, referenced in the Magistrate Judge's Memorandum Opinion, and which are incorporated herein by reference. *See* Declaration of Glenn R. James, Esq. in Support of Motion to Disqualify ("James Decl."), Dkt. 19-2; Declaration of Kelly A. Zampino, Esq. ("Zampino Decl."), Dkt. 19-3.

Mr. Kim and Robert J. Basil, Esq. negotiated and/or drafted the JKAYC Lease on behalf of Noah Bank and communicated with each other regarding the Lease negotiations and terms. See Pl. Br. at 4; see also James Decl. ¶¶ 4-5.

Mr. Kim is and at all relevant times has been Of Counsel to, and/or held out as a member of, TBLG. Mr. Basil is and at all relevant times has been held out to be "Of Counsel" to Mr. Kim's firm. Indeed, at all relevant times, Mr. Kim and TBLG shared office space at 1270 Broadway – Suite 305, New York, NY. See Pl. Br. at 2; see also James Decl. at ¶¶ 5-6; Zampino Decl. Ex. C (Jerry J. Kim, Esq. Letterhead); MJ Slip Op. at 2 (citing Kim Decl. ¶ 6, Dkt. 28-1).

Mr. Basil and Mr. Kim continued to represent Noah Bank on corporate and litigation matters for a period of eight (8) months after the JKAYC Lease was executed, during which period Noah Bank was required to endeavor to obtain regulatory approval for the new bank branch under the JKAYC Lease. See Pl. Br. at 3.

Mr. Basil's representation of Noah Bank ended after Noah Bank's former President and CEO, Edward Shin, was indicted in the Southern District of New York and Mr. Basil opted to remain part of Mr. Shin's defense team, giving rise to what Noah Bank believe was a conflict of interest in TBLG's continued representation of Noah Bank. See Pl. Br. at 3; see also James Decl. ¶ 3.[2]

Noah Bank eventually terminated the JKAYC Lease under Article 4 of the Lease, which provides the Lease automatically terminated if Noah Bank did not receive all necessary approvals from federal and state regulatory authorities within 365 days of the Lease execution date. See Pl. Br. at 1; see also Zampino Decl., Ex. B (Lease).

---

[2] Since his representation of Noah Bank ended, Mr. Basil has filed 3 lawsuits against Noah Bank, including this one.

Under Article 4 of the Lease, JKAYC was required upon termination of the Lease to return the $400,000 security deposit paid by Noah Bank. Id.

TBLG twice was alerted, prior to the commencement of litigation, by Noah Bank's new attorneys to concerns regarding the existence of a conflict of interest in TBLG's representation of JKAYC. See Pl. Br. at 5.

JKAYC filed the instant lawsuit alleging that Noah Bank had breached the Lease and the covenant of good faith and fair dealing by, inter alia, failing to act in good faith to obtain the necessary regulatory approvals. See Basil Decl., Ex. A ("Complaint").

Noah Bank's Counterclaim seeks repayment of the security deposit.

On September 16, 2020, TBLG supplemented JKAYC's document production in this matter by producing six emails from Mr. Basil's file, including four emails that contain Noah Bank's attorney-client communications between Mr. Kim, Mr. Basil and Edward Shin regarding the terms and negotiation of the JKAYC Lease (and other unrelated matters).3 See Pl. Br. at 4-5; see also Zampino Decl., Ex. D (previously filed under seal) (JKAYC Supplemental Production).

More specifically, on behalf of JKAYC, Mr. Basil produced an email chain, dated October 17, 2018, between Mr. Kim and Mr. Basil – when they were representing Noah Bank in connection with the JKAYC Lease negotiation – wherein Mr. Kim requested that Mr. Basil prepare a rider to the Lease on behalf of Noah Bank. See Zampino Decl., Ex. C (10/17/18 Email). Accordingly, in addition to any conflict of interest imputed to TBLG as a result of Mr. Kim's representation of

---

[3] JKAYC redacted a portion of an email between Mr. Basil, Mr. Kim and Mr. Shin, as President and CEO of Noah Bank, on the basis of *JKAYC's* attorney-client privilege even though the communication pre-dates JKAYC's representation by Mr. Basil and is contemporaneous with – and related to – Mr. Basil's and Mr. Kim's representation of Noah Bank. JKAYC's assertion of privilege is indeed strange, but their production makes clear that Mr. Basil was privy to Noah Bank's attorney-client communications and has inappropriately wielded them in connection with his representation of JKAYC.

Noah Bank in connection with the Lease, Noah Bank has now confirmed that Mr. Basil personally represented Noah Bank in connection with the Lease at issue in this litigation. *See* Pl. Br. at 5; *see also* James Decl. ¶ 7.

## ARGUMENT

### PLAINTIFF HAS FAILED TO ESTABLISH THAT THE MAGISTRATE JUDGE'S ORDER WAS CLEARLY ERRONEOUS OR CONTRARY TO LAW.

#### Standard of Review

On appeal from a ruling of a Magistrate Judge on a pretrial non-dispositive matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law"); *Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc.*, 174 F.R.D. 301, 303 (S.D.N.Y.1997) ("Motions for disqualification of counsel are non-dispositive and are thus subject to the more deferential standard under Rule 72(a)"). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 394 (1948). On appeal from a magistrate judge's decision on a motion to disqualify counsel, then, the district judge "is not empowered simply to substitute its judgment for that of a magistrate judge." *Ab v. Kamyr, Inc.*, No. 91-CV-0453, 1991 WL 246465, at *1 (N.D.N.Y. Nov.20, 1991).

#### Discussion

Based upon the undisputed facts set forth above, the Magistrate Judge's decision to disqualify TBLG from representing Plaintiff JKAYC in a lawsuit against TBLG's prior client, Defendant Noah Bank, in connection with a Lease that Mr. Basil and his Of Counsel, Mr. Jerry

Kim, had negotiated on behalf of Noah Bank, was neither clear error nor contrary to law. JKAYC's objections do not actually identify any material errors of fact or law. Therefore, the Magistrate Judge's decision should be affirmed.

The Court has the authority to disqualify an attorney "where there has been a clear violation of the Code of Professional Responsibility leading to a significant risk of trial taint." *Shabbir v. Pak. Int'l Airlines*, 443 F. Supp. 2d 299, 305 (E.D.N.Y. 2005) (internal quotations omitted). A risk of trial taint exists "when the attorney is in a position to use privileged information acquired in the representation of a client against that client in another matter." *Id.* (*quoting Universal City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 455 (S.D.N.Y. 2000)). Any doubts should be resolved in favor of disqualification. *See Pastor v. Trans World Airlines, Inc.*, 951 F. Supp. 27, 31 (E.D.N.Y. 1996) ("because of the importance assigned to the observance of an attorney's ethical obligations, once a probable conflict is demonstrated, a court should resolve any doubts in favor of disqualification") (*citing Red Ball Interior Demolition Corp. v. Palmadessa*, 908 F. Supp. 1226, 1239 (S.D.N.Y. 1995)); *see also Cheng v. GAF Corp.*, 631 F.2d 1052, 1055 (2d Cir.1980), *vacated on other grounds*, 450 U.S. 903 (1981); *Hull v. Celanease Corp.*, 513 F.2d 568, 571 (2d Cir. 1975).

Under the New York Rules of Professional Conduct, "a lawyer who has formerly represented a client shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." *See* N.Y. Rule of Prof'l Conduct 1.9. Moreover, under N.Y. Rule of Profession Conduct 1.10(a), "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so under N.Y. Rules of Professional Conduct 1.7, 1.8 or 1.9, except as otherwise provided herein."

The Magistrate Judge applied the correct legal standard for disqualification of an attorney who is suing a former client on behalf of a new client. Specifically, an attorney may be disqualified from representing a client if: 1) the moving party is a former client of the adverse party's counsel; 2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit, and 3) it is likely or probable that the attorney whose disqualification is sought had access to relevant privileged information in the course of his prior representation of the client. *Hempstead Video, Inc. v. Inc. Village of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005); *Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co.*, 2007 WL 2593000, at *6 (S.D.N.Y. Sept. 7, 2007). There is a substantial relationship if the issues in the prior and present cases is patently clear. *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739-740 (2d Cir. 1978) (quotations omitted). Where there is a substantial relationship between the two representations, a rebuttable presumption arises that the former client imparted to counsel confidential information relevant to the present suit. *UCAR Int'l, Inc. v. Union Carbide Corp.*, No. 00 CIV. 13382002, 2002 WL 31519616, at *4 (S.D.N.Y. Nov. 8, 2002); *Arifi v. de Transport du Cocher, Inc.*, 290 F. Supp.2d 344, 350 (E.D.N.Y.2003). "Thus, where 'it can reasonably be said that in the course of the former representation the attorney might have acquired information related to the subject matter of his subsequent representation,' it is the court's duty to order the attorney disqualified." *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 571 (2d Cir. 1973) (*quoting T.C. Theatre Corp. v. Warner Bros. Pictures*, 113 F. Supp. 265, 269 (S.D.N.Y. 1953)).

Here, all three elements are met: Noah Bank is TBLG's former client; TBLG (through Mr. Basil) represented Noah Bank in connection with the Lease at issue in this lawsuit; and TBLG had access to Noah Bank's privileged information. Accordingly, the Magistrate Judge correctly concluded that TBLG should be disqualified.

On review of the Magistrate Judge's Memorandum and Order, Mr. Basil argues, on behalf of Plaintiff JKAYC, that his practice and Mr. Kim's "respective practices were separate." Pl. Br. at 2. This assertion is belied by Plaintiff's admission that, as a general matter, Mr. Basil was held out as "Of Counsel" to Mr. Kim's firm and Mr. Kim was held out as "Of Counsel" to Mr. Basil's firm, that they worked in the same shared office space, and that for a period of many years they represented Noah Bank together. *See* Pl. Br. at 2.[4] The assertion also is belied by Mr. Basil's production – on behalf of JKAYC – of *Noah Bank's* attorney-client privileged emails among Mr. Basil, Mr. Kim, and Noah Bank's then-CEO (and current TBLG client), Edward Shin, regarding the at-issue Lease in this lawsuit, in disregard of the continuing duty he owes to his former client, Noah Bank. *See* N.Y. Rule of Prof'l Conduct 1.6 (providing that a lawyer "shall not knowingly reveal confidential information, as defined by this Rule, or use such information to the disadvantage of a client or for the advantage…of a third person" and defining "confidential information" to include information protected by the attorney-client privilege). This reality, in and of itself, is a sufficient basis to reject JKAYC's objections; as the Magistrate Judge correctly concluded, Mr. Kim's conflict of interest properly is imputed to TBLG. *See* MJ Slip Op. at 9-10.

Mr. Basil also argues that his admitted involvement in drafting the JKAYC Lease Rider relates to construction and not the issues to be litigated in this case. He is wrong. It is undisputed

---

[4] Mr. Basil attempts to minimize his involvement in the JKAYC Lease negotiation. It is indisputable, however, that both he and Mr. Kim worked together to negotiate and draft the JKAYC Lease on behalf of Noah Bank. Even if Mr. Kim took the lead, because of the relationship between Mr. Kim and Mr. Basil's law firm generally and with respect to this lease in particular, as admitted by TBLG and recognized by the Magistrate Judge, any conflict of interest attaching to Mr. Kim properly is imputed to TBLG, and vice versa. *See Blue Planet Software, Inc. v. Games Int'l, LLC*, 331 F. Supp. 2d 273 (S.D.N.Y. 2004) (holding that "[a]s a consequence of an individual's disqualification, imputation may bar that attorney's law firm from serving the client.").

that, in this case, JKAYC alleges that Noah Bank breached the Lease and Rider that was drafted by Mr. Basil himself:

- In its Complaint, JKAYC lists a number of provisions at issue, including the Rider. *See* Compl. ¶ 6(j) ("Noah Bank agreed to complete the construction of the Premises and to obtain the final certificate of occupancy of the Premises within eighteen (18) months after it");

- JKAYC's supplemental answers to interrogatories, dated September 17, 2020, admit that one element of damages it seeks is based on the rider: "Plaintiff further alleges that it is due damages set forth in the Lease and Construction Rider." *See* Zampino Decl., Ex. A at 4; and

- In response to Noah Bank's interrogatory demanding that JKAYC identify every breach of the Lease by Noah Bank, JKACY's response was that the "Lease and Rider to the Lease…speaks for itself." *Id.*

Hence, the Magistrate Judge did not commit clear error in finding that this litigation relates to a Lease and Rider that was drafted and negotiated on behalf of Noah Bank by Mr. Basil and his Of Counsel, Mr. Kim. Moreover, the Magistrate Judge did not commit clear error in concluding – given the admitted pervasiveness of Mr. Basil's and Mr. Kim's prior representation of Noah Bank, including their attendance at Board Meetings – that it is likely they had access to privileged information regarding conversations, the Bank's financial conditions, motives, etc. *See* MJ Slip Op. at 7-9.

Mr. Basil argues that Noah Bank was too slow in seeking TBLG's disqualification. As a matter of law, the timing of a motion to disqualify has no bearing on the Court's analysis of a motion to disqualify counsel. That is, delay is not a sufficient reason to deny a motion where disqualification is otherwise warranted. *See Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562 (2d Cir. 1973) (affirming trial court's decision to disqualify counsel after three years of litigation, holding that "disqualification is in the public interest, [and therefore,] the court cannot act contrary to that interest by permitting a party's delay in moving for disqualification to justify the

continuance of a breach of the Code of Professional Responsibility."). Therefore, the Magistrate Judge's decision was not "contrary to law."

In any event, Mr. Basil's disclosure of Noah Bank's own attorney-client privileged emails – for the benefit of JKAYC – was both the last straw for Noah Bank and the dispositive proof needed to firmly establish that disqualification of TBLG was the only appropriate response to the conflict itself and Mr. Basil's disregard of – and refusal to acknowledge – his continuing duty to his prior client. Thus, it was Mr. Basil's own conduct which dictated the timing of the motion to disqualify. And, even if the motion to disqualify could have been filed sooner, the Magistrate Judge did not err (much less commit clear error) in finding that this case is not so far along in discovery that the timing of the application unfairly prejudiced Plaintiff, especially in light of the prior warnings to, and demands of, Mr. Basil not to proceed with this particular representation of JKAYC in the first instance. If JKAYC is to seek a remedy, it cannot be at Noah Bank's expense but, rather, should be sought from Mr. Basil and TBLG, who assumed the risk of proceeding with this obviously conflicted representation despite properly being warned against it. *See British Airways, PLC v. Port Auth. of New York & New Jersey*, 862 F. Supp. 889, 900 (E.D.N.Y. 1994) ("[T]he Code of Professional Responsibility places the burden on the client's attorney to fully inform and obtain from the [former] client his or her consent before beginning or continuing with a cause of action against that client").

Simply stated, as a result of TBLG's prior representation of Noah Bank, Mr. Basil and TBLG were privy to Noah Bank's privileged information and there is an overlap between the prior representation and the claims at issue in this matter:

> 1) Not only is TBLG's prior representation of Noah Bank substantially related to its current representation of JKAYC, it is the exact same transaction. *See Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 740 (2d Cir. 1978) (holding that disqualification is appropriate

        "when the issues involved have been 'identical' or 'essentially the same.'"

2)     Not only were Mr. Basil and TBLG privy to privileged information, TBLG actually accessed Noah Bank's privileged communications in their capacities as counsel for Noah Bank's adversary and produced Noah Bank's privileged communications in this litigation, *on behalf of JKAYC*, in violation of N.Y. Rule of Professional Conduct 1.6.

Accordingly, the Magistrate Judge correctly concluded as a matter of law and fact that TBLG's continued representation of JKAYC clearly would pose a significant risk of trial taint and that disqualification was the only appropriate remedy. *See United States Football League v. National Football League*, 605 F. Supp. 1448, 1464 (S.D.N.Y. 1985) (holding that it is appropriate to disqualify an attorney if that attorney had access to privileged information). Therefore, Plaintiff's objections must be rejected.

## CONCLUSION

For these reasons, the Court should affirm the Magistrate Judge's Memorandum & Order disqualifying TBLG from representing Plaintiff in this action.

                                              Respectfully submitted,

                                              Mark A. Berman, Esq.
                                              Kelly A. Zampino, Esq.
                                              **HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
                                              800 Third Avenue, 28th Floor
                                              New York, New York 10022
                                              (212) 344-4619
                                              mberman@hdrbb.com
                                              kzampino@hdrbb.com

                                              *Attorneys for Defendant*
                                              *Noah Bank*

Dated: January 28, 2021