THE BASIL LAW GROUP, P.C.
Robert J. Basil, Esq. (RB3410)
32 East 31st Street, 9th Floor
New York, New York 10016
Tel: 917-994-9973
Attorneys for Plaintiff, JKAYC, LLC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X   Case No.: 1:20-cv-00943 (PKC) (SMG)
JKAYC, LLC,                                                   :

                              Plaintiff,         :

   - against –                                                :

NOAH BANK,                                                    :
                             Defendant.         :
---------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION TO SET ASIDE MAGISTRATE'S ORDER
DISQUALIFYING PLAINTIFF'S COUNSEL FROM
<u>REPRESENTING PLAINTIFF IN THIS ACTION</u>**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| Table Of Authorities ................................................................... | (iii) |
| 1. | The Opinion's reading of the Rider was clearly erroneous ............... | 1 |
| 2. | The current representation is not substantially related to the prior representation ........................................................................ | 2 |
| 3. | Neither TBLG nor Mr. Kim possessed any relevant confidential information................................................................... | 4 |
| 4. | Noah Bank failed to make its motion timely .................................... | 5 |
| 5. | The *Emle* Court's decision to disqualify notwithstanding movant's alleged delay is irrelevant to this matter ........................... | 7 |
| 6. | Mr. Kim's knowledge ought not be imputed to TBLG ..................... | 8 |
| Conclusion ............................................................................................... | 9 |

# **TABLE OF AUTHORITIES**

## *Cases*

*Adler & Shepard v. Script Systems, Inc.,* No. 91 Civ.
  2019, 1992 U.S. Dist. LEXIS 2746
  (SDNY March 9, 1992)...................................................... 7

*Emle Industries, Inc. v. Patentex, Inc.,* 478 F,2d 562
  (2d Cir. 1973)........................................................................ 7-8

*Evans v. Artek Systems Corp.,* 715 F.2d 788
  (2d Cir. 1983)........................................................................ 4, 5, 6

*Giambrone v. Meritplan Ins. Co.,* 117 F. Supp. 3d. 259
  (E.D.N.Y. 2015)................................................................... 4

*Gov't of India v. Cook Industries, Inc.,* 569 F.2d 737
  (2d Cir. 1978)........................................................................ 3

*Hempstead Video, Inc., v. Inc. Vill. of Valley Stream,*
  409 F.3d 127 (2d Cir. 2005)................................................. 8

*HLH Props., LLC v. Consolidated Edison Co.,* No.
  14-cv-01383, 2014 U.S. District LEXIS 147416
  (SDNY Oct. 16, 2014) ......................................................... 7

*In re Hygrade Envelope Corp.,* 366 F.2d 584
  (2d Cir. 1966)........................................................................ 2

*Laker Airways, Ltd., v. Pan American World Airways,*
  103 F.R.D. 22 (D.C. 1984).................................................. 3-4

*Regal Mktg. Inc. v Sonny & Son Produce Corp.,* No.
  01 Civ. 1911, 2002 U.S. Dist. LEXIS 14069
  (SDNY Aug. 1, 2002) .......................................................... 8

*Santiago v. Massanari,* 00 Civ. No. 3847, 2001 U.S.
  Dist. LEXIS 9881 (SDNY July 16, 2001) ........................... 2

*Spinner v. City of New York,* No. 01-CV-2715, 2002 U.S.
  Dist. LEXIS 26390 (E.D.N.Y. May 22, 2002) .................... 3-4

*United States v. United States Gypsum Co.,*
  333 U.S. 364 (1948) ............................................................. 2

*Universal Studios, Inc. v. Reimerdes,* 98 F. Supp. 2d 449
  (SDNY 2000) ...................................................................... 6, 7

*VMP Int'l Corp. v. Yushkevich,* No. 92 Civ.7573,
  1993 U.S. Dist. LEXIS 10213(SDNY July 27, 1993) ......... 7

## *Rules*

NY RPC 1.6 ............................................................... 5

Plaintiff JKAYC, LLC ("JKAYC") and its counsel, THE BASIL LAW GROUP and ROBERT J. BASIL, ESQ. (collectively, "TBLG"), hereby submit this Reply Memorandum of Law in Further Support of their Objections to the Memorandum and Order of Hon. Steven M. Gold, U.S.M.J. filed January 4, 2021, ECF Doc. 30, and in support of their application for that Order (the "Opinion") to be set aside (capitalized terms as used herein will have the meanings ascribed to them in the movants' moving papers).

1. *<u>The Opinion's reading of the Rider was clearly erroneous</u>*.  The Opinion is explicitly based on a demonstrable misreading of the Rider drafted by TBLG and later revised by Mr. Kim.  Judge Gold read the Rider to state that certain pre-occupancy construction had to be completed within an 18-month period and that a failure to complete that construction within 18 months would provide an avenue to Lease termination.  Opinion at 6-7.  In fact, the Rider says no such thing, and provides no basis for Lease termination.  Rather, the Rider provides only that Noah Bank would have to begin paying rent after 18 months whether or not agreed upon pre-occupancy construction were completed within the 18-month period.  *See,* Rider, Complaint, Basil Decl. Ex. B, at ECF page 10 of 29, Page ID 14.  Judge Gold's reading was thus clearly erroneous.

Noah Bank's Memorandum of Law in opposition to this motion (the "Opposition", ECF Doc. 33) does not even attempt to show that Judge Gold's reading of the Rider might somehow have been correct, or that the Rider might have had something to do with Lease termination.  On the contrary, the Opposition acknowledges at 2 that "Noah Bank eventually terminated the JKAYC Lease under Article 4 of the Lease", and nowhere mentions the Rider.  The Rider was simply unconnected to the possibility of Lease termination.

Instead of addressing Judge Gold's mistaken conclusions, the Opposition notes only that in describing this dispute's factual background, JKAYC mentioned the Rider and its terms, along with numerous other Lease terms, in the Complaint (*see* Lease and Rider terms set forth in the Complaint at Paragraphs 6(a) through 6(j)), and that JKAYC referred to the subject contract, which consisted of the Lease and the attached Rider, as the "Lease and Rider" in certain interrogatory responses, Opposition at 7-8. Missing from the Opposition's argument however is any explanation of how these references to the Rider might have made the Opinion's reading of the Rider correct. The Opposition does not even attempt to address that issue — understandably, as the Rider by its own plain language is wholly irrelevant to Lease termination. In light of that irrelevance, it ought to be found that the Opinion's essential conclusions were clearly erroneous, and that the Opinion ought to be set aside. *See, United States v. United States Gypsum Co.,* 333 U.S. 364, 394 (1948), *cited* by Noah Bank (a finding is "clearly erroneous" when it is clear that a mistake has been made). *See, also, Santiago v. Massanari,* 00 Civ. No. 3847, 2001 U.S. Dist. LEXIS 9881 at *50 n.17 (SDNY July 16, 2001) (administrative law judge's findings were "clearly erroneous" where they were based on a misreading of evidence); *In re Hygrade Envelope Corp.,* 366 F.2d 584, 589 (2d Cir. 1966) (reversing District Court's adoption of referee's finding where the finding "is infected by a misreading of the record" irrespective of whether those findings are considered "clearly erroneous"). It is entirely foreseeable and entirely forgivable that a Magistrate Judge may make a mistake from time to time. But mistakes ought to be corrected rather than ratified. Making such a correction by setting the Magistrate Judge's Opinion aside is all that is being asked of this Court.

2. *The current representation is not substantially related to the prior representation*. The prior representation at issue in this matter was TBLG's drafting of the Rider, and, if Mr.

Kim's representation of Noah Bank is imputed to TBLG, the drafting of the Lease and Rider. Both of those representations were completed as of October 19, 2018, the date the Lease and Rider were signed. Eight months later, Noah Bank parted ways with both TBLG and Mr. Kim.

Two months after that separation, Noah Bank first announced its intention to terminate the Lease in a letter to JKAYC, the landlord under the Lease. JKAYC then sought legal assistance from TBLG, which had represented JKAYC in the past and with which it already had a relationship. Neither TBLG nor Mr. Kim had any knowledge of Noah Bank's intention to terminate the Lease. Oct. Decl. ¶¶ 21-28; Kim Decl. ¶ 28. Their statements to that effect have in no way been challenged by Noah Bank.

Instead, Noah Bank relies solely upon the fact that both the prior representation and the current representation are connected with the same document: the Lease and Rider. That connection is however insufficient to render the two representations "substantially related" for purposes of the disqualification of counsel. In order for matters to be "substantially related", the issues involved in both representations must be identical, or essentially the same. *Gov't of India v. Cook Industries, Inc.,* 569 F.2d 737, 739-40 (2d Cir. 1978), *quoted* in the Opposition at 9-10. While Noah Bank has identified a *document* common to both representations, it has nowhere identified *issues* common to both representations. To create the basis for a finding of substantial relationship, Noah Bank would be required to explain at a minimum how its apparent decision to evade its Lease obligations was connected to the drafting of the Lease; this it has not done. *Compare, Laker Airways, Ltd., v. Pan American World Airways,* 103 F.R.D. 22, 38-39 (D.C. 1984) *cited by Spinner v. City of New York,* No. 01-CV-2715, 2002 U.S. Dist. LEXIS 26390 (E.D.N.Y. May 22, 2002) (no substantial relationship will be found between the giving of legal

advice on one occasion and a subsequent litigation unless the facts underlying the advice given have a substantial bearing on the subsequent litigation).

For the same reasons, TBLG's and Mr. Kim's general representation of Noah Bank in a variety of matters cannot by itself create a substantial relationship with the current representation: identical common issues must be shown. *Giambrone v. Meritplan Ins. Co.,* 117 F. Supp. 3d. 259, 273 (E.D.N.Y. 2015) (an attorney's acquisition through general representation of insight into a client's litigation strategies or similar information is typically insufficient to establish a substantial relationship for purposes of attorney disqualification).

In the absence of a substantial relationship between the two matters, disqualification of counsel is improper. *Evans v. Artek Systems Corp.,* 715 F.2d 788, 791 (2d Cir. 1983).

3. *Neither TBLG nor Mr. Kim possessed any relevant confidential information.*
Neither TBLG nor Mr. Kim had any information, much less any privileged information, relevant to Noah Bank's August 2019 position that it was entitled to terminate the October 2018 Lease and to recover its security deposit. Oct. Decl. ¶¶ 21-28; Kim Decl. ¶ 28. In the absence of privileged information acquired during the drafting of the Lease and relevant to Noah Bank's attempt at Lease termination, there is no basis for disqualification. *Evans, supra,* 715 F.2d at 791.

Noah Bank has nowhere challenged the statements of TBLG and Mr. Kim that they had no relevant privileged information; much less has Noah Bank presented any evidence contradicting those statements. Instead, Noah Bank relies only on law stating that the possibility or likelihood that counsel possesses relevant privileged information is sufficient to justify disqualification, Opposition at 5. In fact, no such possibility attends this matter. TBLG and Mr. Kim have flatly denied possessing relevant privileged information and Noah Bank has put

4

forward no evidence suggesting a possibility that those statements are inaccurate. In the absence of any evidence demonstrating such a possibility, the law cited by Noah Bank is simply irrelevant. Because all evidence is that TBLG and Mr. Kim possessed no relevant privileged information, disqualification is impermissible. *Evans, supra.* Likewise, Noah Bank's arguments, to the extent they are relevant to this matter, that TBLG has violated NY RPC 1.6 by misusing Noah Bank's confidential information are undercut by TBLG's and Mr. Kim's complete lack of knowledge of Noah Bank's efforts, or lack thereof, to obtain the requisite approvals.

    4.    <u>Noah Bank failed to make its motion timely</u>. In September of 2019, before this litigation commenced, Noah Bank twice wrote TBLG asserting that TBLG was subject to conflicts of interest that barred its representation of JKAYC. These alleged conflicts of interest were said by Noah Bank's counsel to have resulted from TBLG's prior work for Noah Bank and from TBLG's relationship with Mr. Kim. *See* letter from Noah Bank's counsel to TBLG, ECF Doc. 31-8; *see also,* Zampino Decl., ECF Doc. 19-3, at ¶ 2.

TBLG saw no actual conflicts of interest, then or now, and proceeded to file this action. Noah Bank made no disqualification motion. The parties litigated for a period of ten months or so. Noah Bank then filed a motion for disqualification on September 25, 2020. That motion was based on the same premises that had appeared in Noah Bank's pre-litigation letters to TBLG: its prior work for Noah Bank and its relationship with Mr. Kim. Noah Bank has however claimed that its motion was prompted instead by discovery of the Drafting Request, Zampino Decl. Ex. D, ECF Doc. 19-3 at page bearing Bates number JKAYC 00076, produced in September 2020.

JKAYC and TBLG in their moving papers have observed that as of the action's commencement, Noah Bank was already in possession of each and every document and piece of

information underlying its disqualification motion except for the Drafting Request. It necessarily follows that except to the extent that Noah Bank's disqualification motion was based on the Drafting Request, Noah Bank could have moved for disqualification at the action's outset. But it chose not to do so.

Noah Bank has sought to justify its delay by characterizing the Drafting Request as "the last straw for Noah Bank and the dispositive proof needed to firmly establish that disqualification of TBLG was the only appropriate response to the conflict itself", Opposition at 9 — but nowhere explains why these contentions might be so. The Drafting Request is in fact irrelevant to this action, Sections 2 and 3 *supra,* and accordingly cannot constitute the "relevant privileged information" necessary for attorney disqualification, *Evans, supra,* 715 F.2d at 791. Moreover, Noah Bank's steadfast position, first stated even before the action commenced, that Mr. Kim's knowledge ought to be imputed to TBLG makes TBLG's receipt of the Drafting Request superfluous: according to Noah Bank, TBLG must be deemed to have knowledge of all of Mr. Kim's "relevant privileged information" whether or not Mr. Kim actually shared such information with TBLG. So the Drafting Request provided no new basis for Noah Bank's disqualification motion. Or at least, Noah Bank has failed to explain why its long-threatened motion could not have been made before the Drafting Request was produced.

In the meantime, and merits of the motion apart, Noah Bank's delay resulted in significant prejudice to JKAYC, *see* October 22, 2020 Declaration of Chung K. Lee, ECF Doc. 31-7. That unwarranted prejudice militates powerfully against disqualification. *Universal Studios, Inc. v. Reimerdes,* 98 F. Supp. 2d 449, 456 (SDNY 2000) (no disqualification of defendant's attorney notwithstanding his breaches of conflict of interest ethics rules because the plaintiff "sat on its hands for too long" before making its motion, resulting in unwarranted

6

prejudice to the defendant); *VMP Int'l Corp. v. Yushkevich,* No. 92 Civ.7573, 1993 U.S. Dist. LEXIS 10213 (SDNY July 27, 1993) and *Adler & Shepard v. Script Systems, Inc.,* No. 91 Civ. 2019, 1992 U.S. Dist. LEXIS 2746 at*7n.3 (SDNY March 9, 1992) (both finding that the filing of a motion to disqualify that could have been filed at an earlier time militates against disqualification); *see also, HLH Props., LLC v. Consolidated Edison Co.,* No. 14-cv-01383, 2014 U.S. District LEXIS 147416 (SDNY Oct. 16, 2014) (denying motion to disqualify plaintiff's counsel that might otherwise have been granted where prejudice to plaintiff resulting from disqualification outweighs prejudice to defendant of denying motion). For that reason alone, the Opinion ought to be set aside.

5.  *The* Emle *Court's decision to disqualify notwithstanding movant's alleged delay is irrelevant to this matter.* The Opposition however claims at 8-9 that the court's decision in *Emle Indus., Inc. v. Patentex, Inc.,* 478 F.2d 562 (2d Cir. 1973) should be read to reject any considerations of timeliness or prejudice in considering motions for disqualification. The *Emle* court of course said no such thing, as will be obvious from *Universal Studios* and the other above-cited cases rejecting disqualification motions because of movant's delay in bringing them. In *Emle,* on the other hand, the court specifically found that the movant's delay had resulted in no prejudice to the non-movant ("Laches is an equitable remedy and the court will not bar a claim on that ground where no prejudice has resulted from the delay", *Emle,* 478 F.2d at 574). No such finding is possible in this matter for the reasons set forth in Mr. Lee's Affidavit, ECF Doc. 31-7. Moreover, the *Emle* court specifically found a substantial relationship between the two matters before it based on an identical issue appearing in both representations ("Each proceeding involves a claim that Burlington controls Patentex and uses this control for an illegal

7

purpose", *Emle, supra,* 478 F.2d at 571). No such identical issue has been found in the present matter, Section 2, *supra*. The cited findings in *Emle* are accordingly irrelevant to this matter.

      6.    <u>*Mr. Kim's knowledge ought not be imputed to TBLG*</u>. TBLG and Mr. Kim ran separate legal practices, each with its own tax I.D. number, its own bank accounts, its own office space, its own rent obligations, its own billing and billing procedures, its own accountant, its own professional malpractice policy and so forth. Each of the two practices specializes in a different practice area, with TBLG focusing on litigation and with Mr. Kim focusing on transactional law. Oct. Decl. at ¶¶ 5-10, 13; Kim Decl. ¶¶ 5-15. That the two practices referred matters to one another, were located in physical proximity to one another and assisted one another from time to time, as when Mr. Kim asked Mr. Basil, as a favor, to prepare a form of Rider which Mr. Kim would review and finalize, does not justify treating the two practices as one. Nor does the fact that both practices had the same client, Noah Bank, and were each "of counsel" to the other. *Regal Mktg. Inc. v Sonny & Son Produce Corp.,* No. 01 Civ. 1911, 2002 U.S. Dist. LEXIS 14069 at *8 (SDNY Aug. 1, 2002) (imputation and disqualification not appropriate where attorney was a member of his own firm, was "of counsel" to but not a member of the other firm, filed certain pleadings in the other firm's name, and where the two firms maintained separate telephone, telecopier and billing services and separate malpractice policies); *Hempstead Video, Inc., v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 136 (2d Cir. 2005) (no imputation to "of counsel" attorney who had separate clients from the other firm, served his own clients and maintained his own files to which the other firm had no access). While the Opinion ought to be set aside even if Mr. Kim's knowledge, which did not include any knowledge relating to Noah Bank's decision to seek to terminate the Lease and Rider, is imputed to TBLG, no such imputation is warranted.

## CONCLUSION

For the foregoing reasons, and for those set forth in movants' moving papers, the motion of plaintiff JKAYC, LLC and its counsel THE BASIL LAW GROUP P.C. and ROBERT J. BASIL, ESQ., to set aside the Memorandum and Order of Hon. Steven M. Gold, U.S.M.J. filed January 4, 2021, ECF Doc. 30, ought to be GRANTED.

Dated: February 3, 2021

THE BASIL LAW GROUP
*Attorneys for plaintiff, JKAYC, LLC*

By: /s/ Robert J. Basil
Robert J. Basil